PA0008105117



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

AL2 / ALL
Transmittal Number: 7470493
Date Processed: 03/12/2010

| | |
|---|---|
| Primary Contact: | Mr. Michael Johnson Law Department<br>The Hartford<br>One Hartford Plaza<br>Law Department<br>Hartford, CT 06105 |

| | |
|---|---|
| Entity: | Hartford Insurance Company of the Midwest<br>Entity ID Number 2344258 |
| Entity Served: | Hartford Insurance Company of the Midwest |
| Title of Action: | George Miller vs. Hartford Insurance Company of the Midwest |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Anchorage Superior Court, Alaska |
| Case Number: | 3AN-10-05615 CI |
| Jurisdiction Served: | Alaska |
| Date Served on CSC: | 03/11/2010 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | Department of Commerce on 03/08/2010 |
| How Served: | Certified Mail |
| Sender Information: | Jeffrey J. Barber<br>907-276-5858 |

**LAW DEPARTMENT**

**MAR 1 2 '10**

**RECEIVED**

Notes:   Exhibit starts as page 5 of 20 and ends at page 7 of 20

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



MAR 1 2 '10



STATE OF ALASKA
DEPARTMENT OF COMMERCE, COMMUNITY AND ECONOMIC DEVELOPMENT
DIVISION OF INSURANCE
JUNEAU, ALASKA

CERTIFICATE OF SERVICE

I, Linda S. Hall, Director of Insurance, certify that I have been served with the attached document(s): SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT, COMPLAINT, EXHIBITS 1-3, AND PLAINTIFF'S INTERROGATORIES TO DEFENDANT IN THE SUPERIOR COURT FOR THE STATE OF ALASKA THIRD JUDICIAL DISTRICT AT ANCHORAGE,

GEORGE MILLER,

VS

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

CASE NO. 3AN-10-05615 CI

and that I have accepted, on your behalf, the above service, as received through the U.S. Mail in Juneau, Alaska, on the 08TH DAY OF MARCH 2010.

In accordance with the provisions of AS 08.18.081, one copy of the document together with my certification is forwarded to you:

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

at your address on file in this office, via certified mail, return receipt requested.

Do not file your answer or response with this office. Direct your questions or response to the court, attorney, or party whose name and address appear on the document served.

Linda S. Hall
Director

Service of Process Section
Division of Insurance
P.O. Box 110805
Juneau, AK 99811-0805
Stacie Estevez
Phone (907) 465-4614



IN TESTIMONY WHEREOF
I have hereunto set my
hand and affixed my official
seal, at Juneau, Alaska this
10TH DAY OF MARCH 2010.

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| GEORGE MILLER, <br> Plaintiff(s), <br> vs. <br> HARTFORD INSURANCE COMPANY OF THE MIDWEST, <br> Defendant(s). | CASE NO. 3AN-10-05615 CI <br> SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT |

To Defendant: HARTFORD INSURANCE COMPANY OF THE MIDWEST

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) JEFF BARBER, whose address is: 821 N Street, SUITE 103 ANCHORAGE, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Pfiffner and Master _____.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

March 3, 2010
Date

By: _____ Deputy Clerk

I certify that on 3-3-2010 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/05)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT IN ANCHORAGE

| | |
|---|---|
| GEORGE MILLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| HARTFORD INSURANCE COMPANY OF THE MIDWEST, | ) ) ) |
| Defendant. | ) ) ) Case No. 3AN-10-05615 CI |

## COMPLAINT

COMES NOW the plaintiff, GEORGE MILLER, by and through his attorneys, Barber & Sims, LLC, and for his complaint against defendant HARTFORD INSURANCE COMPANY OF THE MIDWEST does state and allege as follows:

1. That at all times material hereto, plaintiff was and is a resident of Anchorage, Alaska.

2. That at all times material hereto, defendant Hartford Insurance Company of the Midwest, hereinafter referred to as "Hartford", was and is an insurance company doing business in the State of Alaska subject to the jurisdiction of this court.

3. That defendant is liable for the actions and/or failures to act of its employees under theories of respondeat superior and/or agency and/or vicarious liability.

4. That on or about 9/8/08, Seth Drake negligently operated a 1998 Volvo, Alaska License No. FCU190, VIN

Barber & Sims, LLC
ATTORNEYS AT LAW
321 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

YV1NK5373WJ004028, on C St. near the intersection of 33rd Avenue in Anchorage, Alaska, colliding with the vehicle driven by plaintiff and thereby causing injury to plaintiff for which Seth Drake was liable.

5. That plaintiff was insured by defendant at the time of the collision for medical payments coverage.

6. That pursuant to its medical payments coverage, defendant promised to pay for plaintiff's reasonable medical expenses incurred for necessary medical services because of bodily injury caused by an accident. See Exhibit 1.

7. That plaintiff incurred reasonable and necessary medical services because of bodily injury caused by the 9/8/08 auto accident.

8. That plaintiff properly submitted a medical payments claim to defendant following the 9/8/08 auto accident.

9. That a medical payments claim is a first-party claim.

10. That defendant's employee determined that plaintiff injured his neck in the 9/8/08 auto accident.

11. That plaintiff's medical provider indicated that plaintiff was suffering cervical symptoms caused by the 9/8/08 auto accident.

12. That plaintiff's medical provider referred plaintiff for follow-up care to prescribe Tramadol for long-term management of plaintiff's cervical symptoms.

Barber & Sims, LLC
ATTORNEYS AT LAW
121 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

13. That defendant was aware that plaintiff's medical provider referred plaintiff for follow-up care to prescribe Tramadol for long-term management of plaintiff's cervical symptoms.

14. That on 4/29/09 plaintiff's medical provider indicated to defendant that plaintiff's cervical symptoms were a direct result from the 9/8/08 accident.

15. That on 4/29/09 plaintiff's medical provider indicated to defendant that plaintiff's cervical symptoms resulted from the 9/8/08 accident causing a permanent aggravation of a pre-existing conditions. See Exhibit 2.

16. That as of 4/30/09, defendant was not aware of pre-existing conditions causing plaintiff cervical symptoms before the auto collision on 9/8/08.

17. That as of 4/30/09, defendant was not aware of plaintiff suffering any cervical symptoms before the auto accident on 9/8/08.

18. That on 4/30/09, defendant denied payment of any additional treatment for plaintiff claiming that additional treatment was directly related to plaintiff's prior medical condition.

19. That on 4/30/09, by additional treatment, defendant was referring to a pain relieving medication called Tramadol for long term management of plaintiff's cervical pain. See Exhibit 3.

Barber & Sims, LLC
ATTORNEYS AT LAW
121 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

George Miller v Hartford Insurance Company of the Midwest
2675/ 01 COMPLAINT
Page 3

20. That plaintiff never needed Tramadol for management of any cervical pain before his neck injury in the 9/8/08 auto accident.

21. That defendant also based its denial of payment for additional treatment on a response from plaintiff's medical provider indicating that Mr. Miller reached maximum medical improvement from the 9/8/08 auto accident. See Exhibits 2 and 3.

22. That when handling plaintiff's medical payments claim, defendant had an obligation to treat plaintiff's interests with equal regard as its own.

23. That defendant represented to plaintiff that its policy does not pay for medical treatment after the policyholder reaches maximum medical improvement for the accident.

24. That defendant has asserted to other claimants that its policy does not pay for medical treatment after the policyholder reaches maximum medical improvement for the accident.

25. That on 4/8/09, defendant sent a form requesting plaintiff's medical provider to indicate whether plaintiff reached maximum medical improvement.

26. That defendant's insurance policy issued to plaintiff does not have the term "maximum medical improvement" anywhere in its provisions.

Barber & Sims, LLC
ATTORNEYS AT LAW
121 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

27. That defendant's medical payments coverage includes treatment to alleviate painful symptoms caused by an auto accident. See Exhibit 1.

28. That defendant's letter requesting plaintiff's medical provider to identify whether plaintiff reached maximum medical improvement is a claims handling procedure routinely utilized by defendant in handling medical payments claims.

29. That palliative treatment is medical treatment that alleviates painful symptoms but does not cure the underlying condition.

30. That defendant's policy covers reasonable and necessary palliative treatment.

31. That defendant denied payment of medical expenses submitted to defendant for payment under plaintiff's medical payments coverage.

32. That defendant deterred plaintiff from obtaining treatment to alleviate painful symptoms caused by the 9/8/08.

33. That defendant misrepresented its policy provisions to plaintiff.

34. That defendant violated AS 21.36.125(a).

35. That defendant is liable for breach of contract.

36. That defendant breached the covenant of good faith and fair dealing.

37. That defendant is liable for negligent and/or reckless and/or intentional infliction of emotional distress.

Barber & Sims, LLC
ATTORNEYS AT LAW
121 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

38. That defendant's tortious and contractual breach of the covenant of good faith and fair dealing caused plaintiff to needlessly suffer pain and emotional distress.

39. That the defendant's conduct was outrageous and/or evidenced reckless indifference to the interest of another person.

40. That defendant is liable for exemplary or punitive damages, for reckless disregard, and/or willful disregard, and/or wanton disregard for plaintiff's interests, and for outrageous conduct, in an amount the trier of fact deems just.

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendant for an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 2 day of March, 2010.

BARBER & SIMS, LLC
Attorneys for Plaintiff

By: _____
JEFEREY J. BARBER
ABA No. 0111058

Barber & Sims, LLC
ATTORNEYS AT LAW
121 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one auto accident. This is the most we will pay regardless of the number of:
1. **Insureds**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

B. We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision (B.) will not change our total limit of liability.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
1. Part B or Part C of this policy; or
2. Any Underinsured Motorists Coverage provided by this policy.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:
1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

## PART B - MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

A. We will pay reasonable expenses incurred for necessary medical and funeral services because of **bodily injury**:
1. Caused by accident; and
2. Sustained by an **insured**.

EXHIBIT B

Form 8354  Page 5 of 20

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

B. "Insured" as used in this Part means:
   1. You or any **family member**:
      a. While **occupying**; or
      b. As a pedestrian when struck by;
      a motor vehicle designed for use mainly on public roads or a trailer of any type.
   2. Any other person while **occupying your covered auto**.

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury**:
   1. Sustained while **occupying** any motorized vehicle having fewer than four wheels.
   2. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (2.) does not apply to a share-the-expense car pool.
   3. Sustained while **occupying** any vehicle located for use as a residence or premises.
   4. Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury**.
   5. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:
      a. Owned by you; or
      b. Furnished or available for your regular use.
   6. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:
      a. Owned by any **family member**; or
      b. Furnished or available for the regular use of any **family member**.
      However, this exclusion (6.) does not apply to you.
   7. Sustained while **occupying** a vehicle without a reasonable belief that that **insured** is entitled to do so.
   8. Sustained, while **occupying** a vehicle when it is being used in the **business** of an **insured**. This exclusion (8.) does not apply to **bodily injury** sustained while **occupying** a:
      a. Private passenger auto;
      b. Pickup or van that you own; or
      c. **Trailer** used with a vehicle described in a. or b. above.
   9. Caused by or as a consequence of:
      a. Discharge of a nuclear weapon (even if accidental);
      b. War (declared or undeclared);
      c. Civil war;
      d. Insurrection; or
      e. Rebellion or revolution.
   10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:
      a. Nuclear reaction;
      b. Radiation; or
      c. Radioactive contamination.

11. Sustained while **occupying** any vehicle located inside a facility designed for racing, for the purpose of:
    a. Competing in; or
    b. Practicing or preparing for;
    any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:
   1. **Insureds**;
   2. Claims made;
   3. Vehicles or premiums shown in the Declarations; or
   4. Vehicles involved in the accident.
B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
   1. Part **A** or Part **C** of this policy; or
   2. Any Underinsured Motorists Coverage provided by this policy.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

## PART C - UNINSURED/UNDERINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

A. We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of:
   1. **Bodily injury** sustained by an **insured** and caused by an accident; and
   2. **Property damage** caused by an accident, if the Declarations indicates that both **bodily injury** and **property damage** Uninsured/Underinsured Motorists Coverage applies.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle**. We will pay damages under this coverage caused by an **underinsured motor vehicle** only if **1.** and **2.** below applies:
   1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or
   2. A tentative settlement has been made between an **insured** and the insurer of the **underinsured motor vehicle** and we:
      a. Have been given prompt written notice of such tentative settlement; and
      b. Advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.



April 08, 2009

Alaska Spine Institute
P O Box 196400
Anchorage, AK 99519

Re: Insured:       George Miller
    Patient:       George M Miller
    Date of Loss:  09/08/2008
    Claim Number:  PA0008105117
    CCPS Number:   YXM KAM 52122

Dear Dr. Shawn Johnston MD:

This is regarding the above referenced claim for George Miller

As you know Mr. Miller was involved in a motor vehicle accident on 9/8/08, with complaints of neck pain. You saw Mr. Miller on 11/26/08 for an initial evaluation and referred him to begin physical therapy. Mr. Miller continued regular follow-up with your office for evaluation of his symptoms and status of his improvement with conservative treatment.

We received a copy of your letter to Mr. Miller's primary care physician, Dr. Johnathan Mueller MD, concerning this patient's condition and course of treatment. You mention in your letter the patient is suffering from severe cervical spondylosis and attempts to treat with conservative therapy provided no benefit. It is our understanding that you are referring Mr. Miller to follow-up with Dr. Mueller MD to prescribe Tramadol for the patient's long-term management of his cervical symptoms.

At this time, we need information to verify if the patient's current condition is directly resulting from the 9/8/08 auto accident. In addition, we also need clarity on whether or not this patient has reached maximum medical improvement for his symptoms relating to this accident. Please answer the following questions below.

1. In your medical opinion, are Mr. Miller's current complaints a direct result from the 9/8/08 accident?

   ✓ Yes ___ No   *A permanent aggravation of a preexisting condition.*

   a. If No, what percentage of his current complaints is still present from the 9/8/08 accident?
      _____% MVA  _____% Priors

2. Has Mr. Miller reached maximum medical improvement for this accident? ✓ Yes ___ No

   a. If Yes, what date did he reach maximum medical improvement? _____

   b. If No, when do you propose he will reach maximum medical improvement? _____

Your Signature here please _____

Handling ID:
Blank Memo to Vendor
R2W
20090429301791

The Hartford Phoenix
CSC-PIP/MEDPAY
P.O. Box 2902
Phoenix, AZ 85062-2902
Toll Free 800 811 4832
Medical Bills Fax 877 905 2364
Correspondence Fax 866 809 8054



# THE HARTFORD

Your prompt attention to this matter would be appreciated as the lack of this information may cause a delay in the expeditious processing of bills being received.

If you are unable, or feel another doctor should answer these questions, please forward this letter on to them or respond to me with their contact information. Thank you again for your cooperation, your response can be faxed to 866-809-8054

If you have any questions, please feel free to contact me at 800-811-4832 x41153.

Sincerely,

Rachel Weidner
Claim Processor
1 (800) 811-4832 x41153

Writing Company: Hartford Insurance Company of the Midwest

Handling ID:
Blank Memo to Vendor
R2W
20090429301179I

The Hartford Phoenix
CSC-PIP/MEDPAY
P.O. Box 2902
Phoenix, AZ 85062-2902
Toll Free 800 811 4832
Medical Bills Fax 877 905 2364
Correspondence Fax 866 809 8054

PCN: 300142009042930111791 DCN: 300142009042930111791001 Received Date/Time: 4/29/2009 7:00:00 AM Page 3 of 5



# The Hartford

April 30, 2009

George Miller
P O Box 670535
Chugiak, AK 995670535

Re:  Insured:        George Miller
     Claimant:       George M Miller
     Date of Loss:   09/08/2008
     Claim Number:   PA0008105117
     CCPS Number:    YXM KAM 52122

Dear George Miller:

This is a follow-up to our discussion on April 30, 2009 concerning your medical payments claim for the 9/8/08 auto accident. As you know, there is medical payments coverage in the amount of $100,000.00 per person, available for payment of reasonable medical and funeral services resulting from a bodily injury caused by an accident. To date, we have paid a total of $9,516.19 out of your available medical payments benefits for treatment of your injuries sustained from this accident. We received a copy of a letter sent to your primary care doctor, Dr. Johnathan Mueller MD, by Dr. Shawn Johnston MD, spine specialist with Alaska Spine Institute, concerning your current condition and course of treatment.

Dr. Johnston mentioned that you are suffering with severe neck arthritis and the course of physical therapy provided no benefit to your neck pain. Dr. Johnston stated the need to move forward with long-term pain management with a pain medication called Tramadol. We sent a letter to Dr. Johnston to clarify that your current complaints are directly related to the 9/8/08 accident or if only a percentage of care due to the noted severe arthritis in your neck. We also requested from Dr. Johnston whether or not you have reached maximum medical improvement for this accident.

We received a response on April 29, 2009 from Dr. Johnston indicating you sustained a permanent aggravation of a pre-existing condition and have reached maximum medical improvement for the 9/8/08 auto accident. I have enclosed a copy of this letter for your records. Unfortunately, we are unable to consider any additional treatment as it appears it is now directly related to your prior medical condition.

Our position is based on facts that have been made available to us to date. The Hartford expressly reserves the right to modify its position concerning the potential for coverage. If new information develops which you believe may affect our decision regarding the coverage available, please notify us immediately so we may consider them. Nothing in this letter should be deemed a waiver of the terms or conditions of The Hartford policy.

Sincerely,

Rachel Weidner
Claim Processor
1 (800) 811-4832 x41153



The Hartford Phoenix
CSC-PIP/MEDPAY
P.O. Box 2902
Phoenix, AZ 85062-2902
Toll Free 800 811 4832
Medical Bills Fax 877 905 2364
Correspondence Fax 866 809 8054

Handling ID:
Blank Memo to Generic Party
R2W

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT IN ANCHORAGE

GEORGE MILLER, )
)
        Plaintiff, )
)
vs. )
)
HARTFORD INSURANCE COMPANY )
OF THE MIDWEST, )
)
        Defendant. )
_____ ) Case No. 3AN-10-05615 CI

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT

COMES NOW the plaintiff, George Miller, by and through his attorneys, Barber & Sims, LLC, and pursuant to Rule 33 of the Alaska Rules of Civil Procedure submits the following interrogatories to the defendants to be answered in writing, under oath, within thirty (30) days of the date of service thereof and supplement thereafter in accordance with Rule 26(e).

Alaska Rule of Evidence 501 provides:

> Privileges Recognized Only as Provided.
> Except as otherwise provided by the Constitution of the United States or of this state, by enactments of the Alaska Legislature, or by these or other rules promulgated by the Alaska Supreme Court, no person, organization, or entity has a privilege to:
> (1) refuse to be a witness; or
> (2) refuse to disclose any matter; or
> (3) refuse to produce any object or writing; or
> (4) prevent another from being a witness or disclosing any matter or producing any object or writing.
>
> (Added by SCO 364 effective August 1, 1979)
Barber & Sims, LLC
ATTORNEYS AT LAW
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

George Miller v Hartford Insurance Company of the Midwest
2675/ 02 Plaintiff's Interrogatories to Defendant
Page 1

Case 3:10-cv-00068-HRH   Document 1-2   Filed 04/07/10   Page 16 of 20

INTERROGATORY NUMBER 1: Who is the person most responsible for introducing Hartford Insurance Company of the Midwest's procedure in medical payment claims of identifying whether a claimant has reached maximum medical improvement?

ANSWER:

INTERROGATORY NUMBER 2: Within the past 5 years, has Hartford Insurance Company of the Midwest also sent letters to claimants' medical providers in uninsured motorist (UM) or underinsured motorist (UIM) bodily injury claims where it requested a medical provider to identify whether a claimant has reached maximum medical improvement?

ANSWER:

INTERROGATORY NUMBER 3: What Hartford Insurance Company documents available for review by employees who handled George Miller's medical payments claim refer to the term "maximum medical improvement"?

ANSWER:

INTERROGATORY NUMBER 4: What mistakes, if any, did Hartford Insurance Company of the Midwest's employees make in handling George Miller's medical payments claim?

ANSWER:

INTERROGATORY NUMBER 5: Who at Hartford Insurance Company of the Midwest is responsible for implementing bodily injury claims handling procedures?

ANSWER:

INTERROGATORY NUMBER 6: What was Hartford Insurance Company of the Midwest's pre-tax underwriting earnings (in $ millions) in 2009?

ANSWER:

INTERROGATORY NUMBER 7: What was Hartford Insurance Company of the Midwest's pre-tax underwriting earnings (in $

Barber & Sims, LLC
ATTORNEYS AT LAW
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

George Miller v Hartford Insurance Company of the Midwest
2675/ 02 Plaintiff's Interrogatories to Defendant
Page 2

millions) in the year prior to implementing its maximum medical improvement criteria as a factor in its bodily injury claims handling procedures?

**ANSWER:**

**INTERROGATORY NUMBER 8:** What are the documents created in the past 10 years which identify cost savings associated with Hartford Insurance Company of the Midwest's bodily injury claims handling procedures?

**ANSWER:**

**INTERROGATORY NUMBER 9:** Who are the supervisors of Rachel Weidner and their supervisors' supervisors extending up the chain of command until reaching Hartford Insurance Company of the Midwest's President?

**ANSWER:**

**INTERROGATORY NUMBER 10:** What symptoms did Hartford Insurance Company of Illinois' employees believe George Miller's pre-existing conditions caused him to suffer before the 9/8/08 auto collision?

**ANSWER:**

DATED at Anchorage, Alaska this 4TH day of March, 2010.

BARBER & SIMS, LLC
Attorneys for Plaintiff

By: _____
JEFF BARBER
ABA No. 0111058

Barber & Sims, LLC
ATTORNEYS AT LAW
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858.
Fax (907) 276-5817

George Miller v Hartford Insurance Company of the Midwest
2675/ 02 Plaintiff's Interrogatories to Defendant
Page 3

## INTERROGATORY VERIFICATION

STATE OF _____ )
                         ) ss
COUNTY OF _____ )

I, _____, say on oath that I certify that I have read the foregoing interrogatory answers and the answers are true and correct to the best of my knowledge.

By: _____

HARTFORD INSURANCE COMPANY
OF THE MIDWEST

SUBSCRIBED AND SWORN to before me this \_\_\_\_\_ day of _____, 2010.

_____
Notary Public In and For _____
My Commission Expires: _____


CERTIFICATE OF SERVICE
I hereby certify that on this
day a true and correct copy of
the foregoing was mailed to:

Hartford Insurance Company of the Midwest
c/o Linda Hall
Director of Insurance
P O Box 110805
Juneau, Alaska 99811

Jeff Barber                    3-5-10
_____                _____
Jeff Barber                    Date

Barber & Sims, LLC
ATTORNEYS AT LAW
821 'N' Street, Suite 103
Anchorage, Alaska 99501
Telephone (907) 276-5858
Fax (907) 276-5817

George Miller v Hartford Insurance Company of the Midwest
2675/ 02 Plaintiff's Interrogatories to Defendant
Page 4

Case 3:10-cv-00068-HRH   Document 1-2   Filed 04/07/10   Page 19 of 20

COMMERCE, COMMUNITY, DEVELOPMENT
...RANCE
99811-0805

7004 0550 0001 2306 0267

CORPORATION SERVICE COMPANY
9360 GLACIER HWY STE 202
JUNEAU AK 99801

FIRST CLASS

